## Malone v. The State.

*Indictment for Obstructing Public Road.*

1. *Obstructing public road; failure to repair public bridge; sufficiency of indictment.* — Although a public bridge, across a public road, is a part of the highway, and it is made by statute a misdemeanor to obstruct a public road (Rev. Code, § 1361); yet a failure to keep the bridge in repair, on the part of one whose duty it is to repair it, is not an obstruction of the public road; and if an indictment for obstructing the road shows, on its face, that the alleged obstruction consisted only in the failure to repair the bridge, it is fatally defective.

2. *Conditional order granting right to erect mill-dam.* — An order of the commissioners' court, granting a person permission to erect a mill-dam across a stream, "provided he builds and keeps up a good, substantial bridge across the creek, or makes as good a way to cross said creek at the present ford," if the condition be not a nullity, certainly does not subject a subsequent owner of the land to an indictment for failing to keep the bridge in proper repair.

FROM the Circuit Court of De Kalb.
Tried before the Hon. W. J. HARALSON.

FOSTER & FORNEY, for the defendant.

BEN. GARDNER, Attorney General, for the State.

PETERS, C. J.— The frame of the indictment in this pros-
ecution is somewhat peculiar.   I set out the count in full.   It
is in these words : " The grand jury of said county charge
that, before the finding of this indictment, G. W. Malone wil-
fully obstructed a public road in said county leading from Leb-
anon to Van Buren, by failing to keep the bridge on said road
across Willes Creek in a safe condition for the public travel, as
he was in duty bound by law to do ; contrary to law, and
against the peace and dignity of the State of Alabama."

The accused demurred to this indictment, and the demurrer
was overruled.   He then pleaded not guilty, and a trial was
had on this plea.; and the defendant was found guilty by the
jury, and fined.fifty dollars ; for which sum judgment was reg-
ularly rendered, and for costs.   From this judgment the de-
fendant appeals to this court.

The record shows, also, that there was a bill of exceptions
taken on the trial, which purports substantially to set out all
the evidence.   But in this there is no testimony which tends
to show that the accused was bound by any law of the State
to keep the bridge, mentioned in the indictment, in good repair
for travel.   Then, his failure to do this could not be an offence.
The prosecution charges, that the defendant " obstructed the
public road," but it also shows how this was done — to wit, by
failing to keep the bridge on a public road, " across Willes
Creek, in a safe condition for public travel."   The specification
does not support the charge in the indictment.   The two are
incompatible.   The charge is a malfeasance, which is alleged to
have been accomplished by a non-feasance.   The same evidence
will not support both allegations ; yet both should be proved,
else the offence as alleged is not established.   Such a pleading
is repugnant and vicious.   The demurrer should have been
sustained.

2. On the trial, the State offered evidence to show that one
Ryan, in 1853, obtained an order from the proper court to erect
a dam for a mill on Willes Creek, in the usual form.   Rev. Code,
§§ 2481 *et seq.*   In this proceeding, the verdict of the jury
was in.these words : " We, the jury, after examining the lands
of William Ryan, agree that the said Ryan may erect a dam
four feet high, at the point designated in his petition, provided
he builds and keeps up a good, substantial bridge across the

creek, or makes as good a way to cross said creek at the present ford." It was also shown that the defendant, Malone, was, at the time laid in the indictment, the owner of the lands on which said dam and bridge were built, and that the bridge was out of order for safe travel. The testimony above mentioned was objected to, as irrelevant. The court refused to exclude it, and charged the jury, if they believed it was true, that the defendant was guilty. In both these particulars the court erred. The evidence should have been excluded. It did not tend to show any guilt on the part of the defendant whatever. The condition in the order for the dam, requiring the building of the bridge, or the making of the way at the ford, only imposed a liability on Ryan, if it is not a nullity, and a failure to perform it is not the subject of indictment.

To obstruct a public road is a misdemeanor. Rev. Code, § 1361. And a public bridge is a part of the public road. *Sims* v. *Butler County*, at January term, 1873. But the evidence in this case does not tend to establish such a charge. Upon the proof, the verdict ought to have been for the defendant.

The judgment of the court below is reversed, and judgment will be rendered here, dismissing the prosecution.